Janet Robertson Kaufman, Esq. (CSB No. 116143)
Email:  jank@wknjlaw.com
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Facsimile: (858) 794-2141

Attorneys for Defendant and Counterclaimant
Affliction Holdings, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MULTIPRINT TEX MANUFACTURING LTD**., a Canadian limited company,<br><br>              Plaintiff,<br><br>       vs.<br><br>**AFFLICTION HOLDINGS, LLC**, a California limited liability company,<br><br>              Defendant. | Case No.:  SACV12-2037 CJC (ANx)<br><br>**AFFLICTION HOLDINGS, LLC'S ANSWER AND COUNTERCLAIMS TO COMPLAINT BY MULTIPRINT TEX MANUFACTURING LTD.**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant  AFFLICTION  HOLDINGS,  LLC  ("Defendant"  or  "Affliction")  hereby answers the complaint in this matter as follows:

### THE NATURE OF THE ACTION AND BACKGROUND

1.   Defendant has insufficient information or belief upon which to respond to the allegations in paragraph 1 of the Complaint, and based thereon denies the same.

2.   Defendant has insufficient information or belief upon which to respond to the allegations in paragraph 2 of the Complaint, and based thereon denies the same.

3.   Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.   Defendant admits the allegations contained in paragraph 4 of the Complaint and

expands thereon by stating that Affliction sells lifestyle brands that are marketed to multiple target consumers, including but not limited to those alleged in paragraph 4.

5.   Defendant admits that many of Affliction's products bear the logos or likenesses of a variety of celebrities and athletes, including those identified in paragraph 5 at one time, but denies the remainder of the allegations on the grounds that they mischaracterize Affliction's business and marketing.

6.   Defendant admits that it markets clothing lines under the brands *Xtreme Couture, Sinful* and *Archaic,* but denies the remainder of the allegations in paragraph 6 on the grounds that they mischaracterize Affliction's business.

7.   Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.   Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.   Defendant admits that an amendment to the Exclusive Distributorship Agreement was executed by the parties, but denies it was executed in October, 2009.

10.  Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.  Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.  Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.  Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.  Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.  Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.  Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.  Defendant admits that it contended Multiprint was in default of the Exclusive Distributorship Agreement by way of a letter dated June 30, 2011, but denies the remainder of the allegations contained in paragraph 17 of the Complaint.

18.  Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.  Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.  Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.  Defendant denies each and every allegation contained in paragraphs 21a- 21e of the Complaint.

22.  Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.  Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

Answer and Counterclaims

25. Defendant admits that the parties engaged in several months of negotiations to resolve the dispute between the parties and that several options, including a joint venture were discussed, but denies the remainder of the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that Courtney Dubar met with Multiprint on August 20, 2012 in the Hard Rock Hotel in Las Vegas, but Defendant denies the remainder of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits it has sold and is selling its products directly to customers in Canada but denies the remainder of the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## THE PARTIES

33.  Defendant admits the allegations contained in paragraph 33 of the Complaint.

34.  Defendant admits the allegations contained in paragraph 34 of the Complaint.

## JURISDICTION AND VENUE

35.  Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.  Defendant admits the allegations contained in paragraph 36 of the Complaint.

37.  Defendant admits the allegations contained in paragraph 37 of the Complaint.

38.  Defendant denies the allegations contained in paragraph 38 of the Complaint.

## FIRST CLAIM FOR RELIEF

39.   Defendant refers to and re-alleges the responses set forth in paragraph 1-38 above as though fully set forth at this point.

40.  Defendant admits the allegations contained in paragraph 40 of the Complaint.

41.  Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.  Defendant denies the allegations contained in paragraph 42a- 42d of the Complaint.

43.  Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.  Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.   Defendant denies the allegations contained in paragraph 45 of the Complaint.

Answer and Counterclaims

46.   Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.   Defendant denies the allegations contained in paragraph 47 of the Complaint.

## SECOND CLAIM FOR RELIEF

48.   Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

49.   Defendant admits the allegations contained in paragraph 49 of the Complaint.

50.   Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.   Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.   Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.   Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.   Defendant denies the allegations contained in paragraph 54 of the Complaint.

## THIRD CLAIM FOR RELIEF

55.   Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

56.   Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.   Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.   Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.   Defendant denies the allegations contained in paragraph 59 of the Complaint.

## FOURTH CLAIM FOR RELIEF

60.   Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

61.   Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.   Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.   Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.   Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.   Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.   Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.   Defendant denies the allegations contained in paragraph 67 of the Complaint.

## FIFTH CLAIM FOR RELIEF

68.   Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

Answer and Counterclaims

69.  Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.  Defendant denies the allegations contained in paragraph 70 of the Complaint.

## SIXTH CLAIM FOR RELIEF

71.  Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

72.  Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.  Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.  Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.  Defendant denies the allegations contained in paragraph 75 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

76.  Defendant refers to and re-alleges all responses set forth above as though fully set forth at this point.

77.  Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.  Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.  Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.  Defendant denies the allegations contained in paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges as follows:

### First Affirmative Defense

(Failure to State a Claim)

81.  The Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Laches)

82.  The Complaint, and each purported cause of action therein, is barred by the doctrine of laches.

### Third Affirmative Defense

(Waiver and Estoppel)

83.  The Complaint, and each purported cause of action therein, is barred by the doctrine of waiver and estoppel.

… … …

Answer and Counterclaims

## Fourth Affirmative Defense

### (Unclean Hands)

84.   The Complaint, and each purported cause of action therein, is barred by the doctrine of unclean hands.

## Fifth Affirmative Defense

### (Justification)

85.   The Complaint, and each purported cause of action therein, is barred because Affliction's disputed conduct was justified.

## Sixth Affirmative Defense

### (Adequate Remedy at Law)

86.   Plaintiff's purported claims for injunctive relief are barred on the grounds that Plaintiff has an adequate remedy at law.

## Seventh Affirmative Defense

### (Mitigation of Damages)

87.   Plaintiff's claims for damages are barred because Plaintiff has failed to mitigate its damages.

## Eighth Affirmative Defense

### (Unjust Enrichment)

88.   The Complaint, and each purported cause of action therein, is barred because granting the relief sought in the Complaint would result in unjust enrichment to the Plaintiff.

## **COUNTERCLAIM**

Counterclaimant Affliction Holdings LLC hereby alleges the following counterclaim against Counter Defendant Multiprint Tex Manufacturing Ltd. as follows:

1.      Affliction Holdings, LLC incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer.

## **THE PARTIES**

2.      Counterclaimant Affliction Holdings, LLC ("Affliction")  is a California limited liability company with its principal place of business located at 1799 Apollo Court, Seal Beach, CA 90740.  Affliction is a manufacturer and seller of apparel and accessories under several brands, including, but not limited to *Affliction, Sinful, Xtreme Couture* and *Archaic*

Answer and Counterclaims

(and formerly including *The Ring*) (These brands will hereafter be referred to as "the Affliction Brands").

3.      Counterclaim Defendant Multiprint Tex Manufacturing Ltd. ("Multiprint"), is a Canadian Limited Company with its principal place of business located at 5555 Cypihot Street, Ville Saint Laurent, Quebec, Canada, and is engaged in the business of distribution and licensing of apparel in Canada.

## FACTUAL BACKGROUND

4.      On May 14, 2009, Affliction and Multiprint entered into the Exclusive Distribution Agreement that is the subject of the underlying complaint in this matter.  It was subsequently amended by way of a First Amendment to Exclusive Distribution Agreement, that was executed by the parties on February 2, 2010.  (The agreement and amendment will hereafter be collectively referred to as "the Agreement" and are attached hereto and incorporated herein by reference as Exhibit A and B, respectively.)

5.      Pursuant to the Agreement, Multiprint agreed to certain annual Minimum Purchase Requirements (MPR's), in return for exclusivity in distributing the Affliction Brands in Canada.  At the request of Multiprint, the MPR's were reduced after the execution of the initial agreement between the parties by way of the Amendment to the Agreement (Exhibit B hereto).

6.      In addition to the MPR's, Multiprint was obligated under the Agreement to actively promote the Affliction Brands, expend minimum sums on advertising, make timely payments for purchases, maintain a certain amount of insurance, and provide Affliction with certain information and reports.

7.      Multiprint breached the Agreement by failing to meet is MPR in 2010 and by failing to meet many of its other obligations under the Agreement.

8.      As a result of Multiprint's breach of the Agreement, Affliction advised Multiprint of its breach the Agreement by way of a letter dated June 30, 2011, which is attached hereto and incorporated herein by reference as Exhibit C.  The breach of the agreement was not cured within 30 days after Multiprint's receipt of the letter, and, as a result, the Agreement was effectively terminated as of July 30, 2011.

… … …

… … …

7

## JURISDICTION AND VENUE

9.      This court has subject matter jurisdiction over this counterclaim pursuant to 28 USC § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

10.      Venue is proper in this court pursuant to 28 USC § 1391.

## FIRST COUNTERCLAIM

### (BREACH OF CONTRACT)

11.      Affliction refers to and realleges paragraphs 1-8 above as though fully set forth at this point.

12.      Multiprint breached the Agreement in the following manner:

    *a.*      By failing to meet its MPR in 2010;

    *b.*      By failing to promote the Affliction Brands as required under the Agreement;

    *c.*      By failing to report advertising expenditures;

    *d.*      By consistently failing to make timely payments on its account;

    *e.*      By failing to provide proof of insurance as required under the Agreement;

    *f.*      By failing to provide Affliction with a report as to its shareholders.

13.      As a direct and proximate result of Multiprint's breaches of the Agreement, Affliction has been damaged in an amount not yet fully ascertained, and that will be proven at the time of trial, but in an amount in excess of $75,000.00.

14.      The Agreement provided in paragraph 29.5 for an award of attorneys' fees to the prevailing party in any action under the Agreement. Accordingly, Affliction seeks an award of reasonable attorneys' fees incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Affliction Holdings, LLC prays for relief as follows:

1.   That Plaintiff take nothing by way of its complaint;

2.   That judgment be entered in favor of Defendant on each cause of action;

3.   For judgment against Counterclaim Defendant for breach of contract and an award of damages according to proof at trial;

Answer and Counterclaims

4.  For costs of suit incurred herein;

5.  For an award of reasonable attorney's fees; and

6.  For such other relief as the Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant Affliction Holdings, LLC demands a jury trial on all issues so triable.

**WEEKS, KAUFMAN, NELSON & JOHNSON**

DATED:  December 17, 2012          */s/Janet Robertson Kaufman*
                                   JANET ROBERTSON KAUFMAN
                                   Attorney for Defendant and Counterclaimant

9

Answer and Counterclaims

1

**CERTIFICATE OF SERVICE**

2          The undersigned hereby certifies that a true and correct copy of the above and foregoing

3  document has been served on December 17, 2012 to all counsel of record who are deemed to

4  have consented to electronic service via the Court's CM/ECF system per Local Rule.  Any other

5  counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

6  DATED:  December 17, 2012                */s/Janet Robertson Kaufman*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer and Counterclaims