Janet Robertson Kaufman, Esq. (CSB No. 116143)
Email: jank@wknjlaw.com
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Facsimile: (858) 794-2141

Attorneys for Defendant and Counterclaimant
Affliction Holdings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MULTIPRINT TEX MANUFACTURING L**) Canadian limited company, ) ) Plaintiff, ) vs. ) ) **AFFLICTION HOLDINGS, LLC**, a Californ) liability company, ) ) Defendant. ) | Case No.: SACV12-2037 CJC (ANx) **APPLICATION TO SEAL AFFLICTION HOLDINGS, LLC'S ANSWER AND COUNTERCLAIMS TO COMPLAINT BY MULTIPRINT TEX MANUFACTURING LTD.** |

Defendant Affliction Holdings, LLC (hereinafter referred to as "AFFLICTION") now makes this APPLICATION TO SEAL AFFLICTION HOLDINGS, LLC'S ANSWER AND COUNTERCLAIMS TO COMPLAINT BY MULTIPRINT TEX MANUFACTURING LTD in an effort to protect the confidential and proprietary nature of the submitted documents of the parties. The Plaintiff Multiprint Tex Manufacturing Ltd. objected to the filing of the Exhibits to the Answer and Counterclaims in un-redacted form on the grounds that they contain business proprietary information. In light of the fact that the pleading and exhibits are already in the docket, Defendant now seeks an order sealing the Answer and Counterclaims.

1

DATED: February 6, 2013            Respectfully submitted,

WEEKS, KAUFMAN, NELSON & JOHNSON

/s/ Janet Robertson Kaufman
JANET ROBERTSON KAUFMAN
Attorney for Defendant and Counterclaimant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff and Cross-Defendant Multiprint Tex Manufacturing Ltd. contends that the Exhibits to the Answer and Counterclaims should have been filed in redacted form, so as to protect confidential proprietary information contained in them. Considering the documents are already part of the docket in this matter, the parties now seek to have the Answer and Counterclaims sealed.

The exhibits are essential to the claims and counterclaims of the lawsuit in that they consist of the underlying agreement between the parties that both parties allege has been breached by the other party.

### II

### SEALING OF THE REQUESTED RECORDS IS CONSISTENT WITH RULES OF COURT AND CASE LAW

Generally, public policy favors full public access to court documents. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. Courts have recognized trade secrets as a potential overriding interest for restricting public access to information. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292.) Here, the information that the parties seek to redact from the public record consist of business proprietary information that is not normally accessible to the public and that could damage the business interests of the parties if discovered by

competitors. At this point in the case, the public's need to have access to this specific financial information is outweighed by the potential damage to the parties.

Cal. Rules of Court, Rule 2.550(c), provides specific guidance on the sealing of documents that further exemplifies the above reasoning. Specifically, that Rule provides that "The Court may order that a record be placed or filed under seal if it expressly finds that:

> "(1) There exists an overriding interest that overcomes the right to public access to the record;
> (2) The overriding interest supports sealing the record;
> (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;
> (4) The proposed sealing is narrowly tailored; and
> (5) No less restrictive means exist to achieve the overriding interest."

In the present case, the overriding interest of protecting the sensitive trade information and secrets is in overriding interest over the right to public access. (See Declaration of Janet Kaufman, ¶ 2)

Further, when a matter involves trade secrets of a company of industry, California Law provides the authority to seal such records which a company may not want in the public eye. Cal. Civ. Code § 3426.5 states in relevant part:

> "…a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval."

### III.
### MOVING PARTY HAS COMPLIED WITH THE PROCEDURAL
### REQUIREMENTS
### SPECIFIED IN LOCAL RULE 79-5

Central District Local Rule 79-5 provides in pertinent part:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera.

The Declaration of Janet Kaufman filed herewith presents facts establishing the sensitive nature of the evidence sufficient to justify sealing of the requested records.

## IV.
## CONCLUSION

For all of the foregoing reasons and supporting facts and authorities, it is respectfully requested that the Court issue an Order sealing the Answer and Counterclaims.

DATED: February 11, 2013    Respectfully submitted,

WEEKS, KAUFMAN, NELSON & JOHNSON

*/s/ Janet Robertson Kaufman*
JANET ROBERTSON KAUFMAN
Attorney for Defendant and Counterclaimant

### DECLARATION OF JANET ROBERTSON KAUFMAN

I, Janet Robertson Kaufman, declare as follows:

1. I make this declaration of my own personal knowledge, and if sworn as a witness in this matter, could and would testify competently to each and all of the matters contained herein.

2. Exhibit A: Exclusive Distribution Agreement;

Exhibit B: First Amendment to Exclusive Distributor Agreement;

filed in this action with Defendant Affliction Holdings, LLC's Answer and Counterclaims to Complaint by Multiprint Tex Manufacturing Ltd. contains extremely sensitive confidential information and trade secrets pertaining to both parties in this action.

3. Therefore, I request that the court order that the exhibits contained in Defendant Affliction Holdings, LLC's Answer and Counterclaims to Complaint by Multiprint Tex Manufacturing Ltd. in this action be sealed.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 11th day of February, 2013 at Solana Beach, California.

*/s/ Janet Robertson Kaufman*
JANET ROBERTSON KAUFMAN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 11, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

DATED: February 11, 2013          /s/Janet Robertson Kaufman