ANDREW B. GROSSMAN (SBN 211546)
　andrew.grossman@wilmerhale.com
CHRISTOPHER T. CASAMASSIMA (SBN 211280)
　chris.casamassima@wilmerhale.com
KATIE MORAN (SBN 272041)
　katie.moran@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Attorneys for Plaintiff
MULTIPRINT TEX MANUFACTURING LTD.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MULTIPRINT TEX MANUFACTURING LTD.**, a Canadian Limited Company<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**AFFLICTION HOLDINGS, LLC**, a California Limited Liability Company<br><br>　　　　Defendant. | Case No. SACV12-2037 CJC (ANx)<br><br>**JOINT REPORT OF CONFERENCE OF PARTIES UNDER RULE 26(f)**<br><br>Judge: Cormac J. Carney<br><br>Trial Date: None set |

　　　　In accordance with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1 the undersigned parties, through and by their respective counsel of record, met and conferred at 11:00 a.m. on March 1, 2013, and respectfully submit this Joint Report of Conference of Parties Under Rule 26(f).

　　　　The parties in this matter are Plaintiff and Counterclaim Defendant Multiprint Tex Manufacturing LTD., ("Multiprint") and Defendant and Counterclaim Plaintiff Affliction Holdings, LLC ("Affliction"). The parties respectfully report as follows:

## I. BRIEF SYNOPSIS OF THE CASE

On November 21, 2012, Multiprint, a Canadian distributor of apparel, sued Affliction, a manufacturer of apparel that was distributed in Canada by Multiprint. Multiprint brought seven causes of action: breach of the parties' distribution agreement; breach of covenant of good faith and fair dealing with respect to Affliction's performance under the distribution agreement; intentional interference with the employment contract of a Multiprint employee; misappropriation of Multiprint's trade secrets; breach of agreement to negotiate in good faith in connection with a proposed joint venture between Affliction and Multiprint; interference with Multiprint's prospective economic advantages with companies that would be Multiprint customers but for Affliction's tortious conduct; and violation of California Business and Profession Code §17200.

On December 17, 2012, Affliction answered the Complaint and brought a counterclaim for breach of the parties' distribution contract. On January 10, 2013, Multiprint answered Affliction's counterclaim.

## II. MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(f)

### A. Timing and Form of Rule 26(f) Disclosures

The parties agreed to exchange initial disclosures on **April 22, 2013**.

### B. Discovery and Pretrial Plan

Multiprint anticipates that discovery will be needed concerning the following topics:

- Affliction's performance and non-performance of the distribution agreement;
- Affliction's alleged failure to act in good faith while purporting to perform under the parties' distribution agreement;
- Affliction's alleged intentional interference with the employment contract of Multiprint's employee;

-2-

- The facts underlying Affliction's alleged misappropriation of Multiprint's trade secrets;
- The alleged benefit to Affliction and detriment to Multiprint caused by Affliction's alleged misappropriation of trade secrets;
- The facts underlying Affliction's alleged scheme to pretend to negotiate a proposed joint venture between Affliction and Multiprint;
- The facts underlying Affliction's alleged interference with Multiprint's prospective economic advantages with companies that would be Multiprint customers but for Affliction's alleged tortious conduct;
- The alleged benefit to Affliction and detriment to Multiprint caused by Affliction's alleged interference with Affliction's prospective economic advantages.
- Such other facts as may be relevant to support Multiprint's allegations, disprove Affliction's defenses, establish damages to Multiprint caused by Affliction, and prove the extent of Affliction's alleged unlawful profits created by its alleged tortious conduct, breaches of contract, and violations of Bus. & Prof. Code § 17200.

Affliction anticipates that discovery will be needed concerning the following topics:

- Multiprint's alleged breaches of the distribution agreement;
- Such other facts as may be relevant to support Affliction's allegations, defenses and to disprove Multiprint's allegations.

The parties propose a fact discovery cut-off date of **February 28, 2014**, and a requirement that any discovery motions be filed by **January 17, 2014**.

The parties further propose that any request to amend the pleadings or add parties should be made by noticed motion no later than **June 20, 2013**.

The parties further propose that opening expert reports will be due for any issues upon which the producing party has the burden of proof on **March 14, 2014**. The party without the burden of proof on an issue shall provide its rebuttal report on **April 11, 2014**. Expert discovery cut-off shall be **May 2, 2014**.

The parties further propose that trial be set for **June 23, 2014**, with a pretrial conference on **June 9, 2014**.

In summary, the parties jointly propose the following discovery schedule:

| **EVENT** | **JOINTLY PROPOSED DATES** | **COURT ORDERED DATES** |
|---|---|---|
| Initial Disclosures | April 22, 2013 | |
| Last day to move to amend the pleadings | June 20, 2013 | |
| Last day to file discovery motions | January 17, 2014 | |
| Fact discovery cut-off | February 28, 2014 | |
| Opening expert reports due | March 14, 2014 | |
| Rebuttal expert reports due | April 11, 2014 | |
| Expert discovery cut-off | May 2, 2014 | |
| Dispositive motion cut-off | May 9, 2014 | |
| Pretrial conference | June 9, 2014 | |
| Jury Trial | June 23, 2014 | |

-4-

### C. Electronically Stored Information

The parties agree that they are required to take reasonable, good-faith steps to preserve potentially relevant electronically stored information, as required under the Federal Rules of Civil Procedure. The parties further agreed to negotiate in good faith in the format in which electronically stored information will be produced.

The parties propose exchanging electronic documents in TIFF file format with a load file indicating the beginning and end bates number for each document.

### D. Privilege Protection Issues

The parties are preparing an order regarding protection of all documents and things produced during this action and will submit a proposed Protective Order to the Court.

### E. Additional Limitations on Discovery

The parties agree that the Federal Rules of Civil Procedure should control. Each side should be permitted 10 depositions and 25 interrogatories, without any predetermined limits on requests for production of documents or request for admissions.

### F. Other Orders Currently Sought From the Court

The parties agreed that service by e-mail will be as effective as if mailed by first class U.S. mail. Service by e-mail is appropriate and does not impose a burden on parties given that this is an ECF case and all parties are registered to receive service of Court documents by email. However, service by e-mail is not effective if the serving party learns that the email did not reach the person to be served.

## III. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULE 26-1

### A. Complex Case

The parties agree that the pending action is not a "complex case" pursuant to Local Rule 26, and that procedures for the Manual for Complex Litigation should therefore not be utilized.

### B. Dispositive Motion Schedule

The parties anticipate filing dispositive or partially dispositive motions. For example, Multiprint expect to move for summary judgment against Affliction on its counterclaim, and Multiprint reserves the right to move for summary judgment as to any of the causes of action it alleges. The parties reserve the right to bring these and other motions as warranted by facts or law.

The parties propose that the cut-off date for filing dispositive motions be one month prior to the Pretrial Conference, though they reserve the right to file such motions earlier if warranted. Under the parties' proposed schedule as set forth above, the dispositive motion filing cut-off date would be **May 9, 2014**.

### C. Alternative Dispute Resolution Procedure

The parties agreed to proceed with Settlement Procedure **No. 1** under Local Rule 16-15.4

### D. Trial Estimates

The Parties estimate that trial will last **4** court days.

### E. Additional Parties

The parties have not identified any additional parties at this time. In accordance with the agreed-upon schedule, any request to add parties should be made by noticed motion no later than **June 20, 2013**.

/ / /

/ / /

/ / /

/ / /

/ / /

-6-

JOINT RULE 26 REPORT
Case No. SACV12-2037 CJC (ANz)

**F.     Expert Witnesses**

The parties' proposal with respect to the timing of expert disclosures is set forth above.

DATED: March 11, 2013            Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Andrew B. Grossman
   Andrew B. Grossman
   Christopher T. Casamassima
   Katie Moran

*Attorneys for Plaintiff*
Multiprint Tex Manufacturing Ltd.


DATED:  March 11, 2013           WEEKS, KAUFMAN, NELSON & JOHNSON

By: /s/ Jan Kaufman
   Jan Kaufman

*Attorneys for Defendant*
Affliction Holdings LLC.