FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 29 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIPRINT TEX MANUFACTURING LTD., a Canadian Limited Company<br><br>Plaintiff,<br><br>vs.<br><br>AFFLICTION HOLDINGS, LLC, a California Limited Liability Company<br><br>Defendant. | Case No. SACV12-2037-CJC(ANx)<br><br>[~~PROPOSED~~] JOINT STIPULATED CONFIDENTIALITY ORDER<br><br>Judge: Hon. Cormac J. Carney |

ActiveUS 107288489v.3

Pursuant to Federal Rule of Civil Procedure 26(c), in order to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony, and other evidence (collectively, "Information"), and based on the stipulation of Multiprint Tex Manufacturing Ltd. ("Plaintiff"), on the one hand, and Affliction Holdings, LLC. ("Defendant") (collectively with Plaintiffs, the "Parties"), on the other hand, by and through their counsel of record, as indicated below:

**IT IS HEREBY STIPULATED** between the Parties as follows:

1. Nothing herein shall be deemed: (1) a waiver of any objection, protection, or privilege any party or non-party may raise to the production of any documents in support of a refusal to produce such documents; or (2) an admission to the relevancy of the documents requested.

2. This Stipulation governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, tangible things, interrogatory responses, responses to requests for admission, responses to demands for production of documents or inspection, and any summaries or descriptions of such documents and information, produced or provided by any Party in response to a discovery request in this action.

3. The Parties agree that Information obtained through discovery in this action shall be used solely for purposes of the above-captioned action. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

4. Any Party producing any Information (the "Producing Party") in response to a discovery request in this action may unilaterally and in good faith designate such Information as "Confidential" or "Confidential—Outside Counsel's Eyes Only" in accordance with Paragraphs 5 through 7 below.

5. Information may be designated as "Confidential" if the Information contained or expressed therein has not been disclosed to the public and if public disclosure of such Information is either restricted or protected by state or federal law or would, in the good faith

ActiveUS 107288489v.3

opinion of the Producing Party:

    a.    contain sensitive, personal financial information;

    b.    contain confidential employment information;

    c.    contain constitutionally protected information; or

    d.    otherwise adversely affect the Producing Party's business, commercial, financial, proprietary, or personal interests, or be reasonably likely to pose a risk of significant harm to the Producing Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Party.

6. Information may be designated as "Confidential—Outside Counsel's Eyes Only" if the Information contained or expressed therein has not been disclosed to the public and the Producing Party has reasonable grounds to believe that the Information would, if known to any officer, director, employee, or agent of a party receiving the Information ("Receiving Party"), including in-house counsel for a Receiving Party, or to the public, cause harm or injury to the reputation and/or business of the Producing Party or a party in privity with the Producing Party, or provide improper competitive advantage to others. "Confidential—Outside Counsel's Eyes Only" Information may include information that concerns or relates to:

    a.    trade secrets or other commercially sensitive information; and/or

    b.    confidential research, development, proprietary, or commercial information.

"Confidential—Outside Counsel's Eyes Only" is a subcategory of Confidential Information and shall not include any information that has been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information, and not unlawful, inadvertent, or the fault of the receiving Party.

7. Information may be designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" by stamping such designation on the Information. For deposition testimony, information may be designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" by identifying such information as such through a statement on the record

3

during the deposition, or by a subsequent designation of the information as "Confidential" or "Confidential—Outside Counsel's Eyes Only" within 21 calendar days after the transcript is made available to the Parties. The receiving Party will treat all Information designated "Confidential" or "Confidential—Outside Counsel's Eyes Only" in the manner described in Paragraphs 8 through 18 below unless and until the Parties agree otherwise or the Court orders otherwise.

8. If any Party receiving Information objects to the classification of such Information as "Confidential" or "Confidential—Outside Counsel's Eyes Only" and the parties cannot resolve the objection informally, then the objecting party may move for an order to determine whether the Information has been properly designated. In such an event, the burden shall remain on the Producing Party to demonstrate that protection of the Information is proper. However, until such time as the Court rules a designation improper, all materials designated "Confidential" or "Confidential—Outside Counsel's Eyes Only" shall be treated as designated and in the manner described in Paragraphs 9 through 18 below.

9. Except as provided herein, or with the express written permission of the Producing Party or its counsel, or upon order of the Court, counsel shall not deliver, exhibit, disclose or discuss any Information designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" to any person(s), organization(s), or group(s), except those permitted by Paragraphs 10 through 13 below. Any and all person(s), organization(s), or group(s) with whom such information is shared, including but not limited to those listed in Paragraphs 10-13, must first agree in writing to be bound by and abide by the terms of this Confidentiality Order by executing Attachment A to this Confidentiality Order ("Attachment A").

10. Information designated as "Confidential" may be used solely by or on behalf of the Parties, or other parties to this litigation, in all proceedings relative to this action and in preparation for and during the trial or mediation of this case. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. The Parties stipulate that such Information obtained in this action will be held in strict confidence and

ActiveUS 107288489v.3

not disclosed, except as otherwise provided herein, to any person other than:

    a.    the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing, provided that Court filings of "Confidential" follow the procedure described in Paragraph 12 and the Parties reach a separate confidentiality agreement with said arbitrators or mediators prior to the sharing of "Confidential" Information;

    b.    counsel to all parties in this litigation and the counsel's regular and temporary employees and service vendors, provided that all counsel, their regular and temporary employees and service vendors execute Attachment A prior to their receipt of "Confidential" Information;

    c.    author(s), addressee(s), and recipient(s) of the Information;

    d.    experts and consultants (and their employees) employed by or retained by any of the parties to this litigation or their counsel who are assisting in the prosecution or defense of this litigation, provided that said experts and consultants (and their employees) execute Attachment A prior to their receipt of "Confidential" Information;

    e.    officers, directors, and employees of any of the parties to this litigation or their members, affiliates or investors that are assisting counsel in the prosecution or defense of this litigation or whom counsel must advise concerning the status of this litigation, provided that (unless described in Paragraph 10(c) above), all officers, directors, and employees of any of the parties to this litigation or their members, affiliates or investors that are assisting counsel in the prosecution or defense of this litigation or whom counsel must advise concerning the status of this litigation execute Attachment A prior to their receipt of "Confidential" Information.

    f.    stenographers and videographers engaged to transcribe depositions conducted in this action, provided that stenographers and videographers engaged to transcribe depositions conducted in this action execute

5

ActiveUS 107288489v.3

Attachment A prior to their receipt of "Confidential" Information. To the extent that there are parties to this litigation that have not entered into a stipulated confidentiality order in this litigation, no Information designated as "Confidential" may be disclosed to such parties.

11.     Information designated as "Confidential—Outside Counsel's Eyes Only" may be used solely by or on behalf of the Parties, or other parties to this litigation, in all proceedings relative to this action and in preparation for and during the trial or mediation of this case. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. The Parties stipulate that such Information obtained in this action will be held in strict confidence and not disclosed, except as otherwise provided herein, to any person other than:

   a.   the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing, provided that Court filings of "Confidential—Outside Counsel's Eyes Only" Information follow the procedure described in Paragraph 12 and the Parties reach a separate confidentiality agreement with said arbitrators or mediators prior to the sharing of "Confidential—Outside Counsel's Eyes Only" Information;

   b.   outside counsel to all parties in this litigation and the counsel's regular and temporary employees and service vendors, provided that all counsel, their regular and temporary employees and service vendors execute Attachment A prior to their receipt of "Confidential—Outside Counsel's Eyes Only" Information;

   c.   author(s), addressee(s), and recipient(s) of the Information;

   d.   experts and consultants (and their employees) employed by or retained by any of the parties to this litigation or their counsel who are assisting in the prosecution or defense of this litigation, provided that said experts and consultants (and their employees) execute Attachment A prior to their receipt of "Confidential—Outside Counsel's Eyes Only" Information;

      e.      stenographers and videographers engaged to transcribe depositions conducted in this action provided that stenographers and videographers engaged to transcribe depositions conducted in this action execute attachment A prior to their receipt of "Confidential—Outside Counsel's Eyes Only" Information.

To the extent that there are parties to this litigation that have not entered into a stipulated confidentiality order in this litigation, no Information designated as "Confidential—Outside Counsel's Eyes Only" may be disclosed to such parties.

    12.    Counsel may make copies of Information designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" for the purpose of filing copies with the Court. However, any Information designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only," or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Information, shall be filed under seal pursuant to this Stipulation—and in accordance with Central District Local Rule 79-5—and shall remain under seal, unless or until modified by Court order.

    13.    Failure to designate Information as "Confidential" or "Confidential—Outside Counsel's Eyes Only" using the procedures described above shall not operate to waive a Producing Party's right to later so designate such Information. Once such a designation is made by written notice and new copies of properly marked materials are delivered, the relevant Information shall be treated thereafter as "Confidential" or "Confidential—Outside Counsel's Eyes Only" in accordance with this Stipulation. In the event that there is an interval between the written notice and the provision of new copies of properly designated Information, the Parties shall use their best efforts to treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

//

//

//

ActiveUS 107288489v.3

14.  Information produced before the execution of this Stipulation may be designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" by notifying each party in writing of the Information to be so designated within a reasonable time after notice of the execution of this Stipulation.

15.  Deposition transcripts or portions of deposition transcripts may be designated "Confidential" or "Confidential—Outside Counsel's Eyes Only" either on the record or within fourteen (14) days of receipt of the transcript. Any deposition transcript or portion of a deposition transcript not designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" at the time of the deposition shall be treated as Confidential until fifteen (15) days after its receipt by all parties, unless the parties agree otherwise.

16.  This Stipulation shall not be deemed a waiver of any Party's right to seek an order compelling discovery with respect to any discovery request; or any Party's right to object to any discovery or the production of any Information or documents; or any Party's right to assert an applicable protection or privilege; or any Party's right to object to the admission of any evidence on any grounds in any proceeding herein; or any Party's right to use its own documents produced in this litigation with complete discretion.

17.  Upon final resolution of this litigation, including all appeals, all Information designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" shall be destroyed by the Party possessing the Information after 30 days, unless the Producing Party requests its return within that 30 day period, in which case all the Information shall be returned within the following 30 days after such request.

18.  This Stipulated Confidentiality Order may be modified by further order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation filed with the clerk of the Court and made a part of the record in this case.

19.  All Parties hereby agree that the inadvertent disclosure or production of confidential Information shall not constitute waiver of the "Confidential" or "Confidential—Outside Counsel's Eyes Only" status of the Information. In the event that any Information

ActiveUS 107288489v.3

designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information, the Producing Party must be informed immediately and such Information must immediately be returned to the Producing Party.

20. All Parties hereby agree that the inadvertent disclosure or production of privileged or attorney work product material shall not constitute waiver of any applicable privileges or protections. In the event that privileged or attorney work product material is inadvertently disclosed or produced, the Receiving Party must immediately notify the Producing Party and immediately return or destroy the privileged or attorney work product materials and any copies it has of such material, as well as any work product derived therefrom, and must not use or disclose the material.

///

///

///

ActiveUS 107288489v.3

21.   Absent further order of the Court, testifying experts' draft reports, notes and outlines of draft reports shall not be subject to discovery in this Action, nor shall any such drafts, notes or outlines of reports that a testifying expert prepared in other cases be subject to discovery in this Action. Discovery of materials provided to testifying experts is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in formulating a final report, trial or deposition testimony or any opinion of this Action. No discovery shall be taken from or about any consulting expert except to the extent that consulting expert has provided information or opinions that a testifying expert relied upon in formulating his or her final report, trial or deposition testimony, or any other opinion in this Action. No conversation or communications between Counsel (Outside or In-House) and any testifying or consulting expert shall be subject to discovery in this action unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in final reports, trial or deposition testimony in this Action. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for purposes of this Action.

**SO STIPULATED:**

Dated: March 28, 2013

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | WEEKS, KAUFMAN, NELSON & JOHNSON |
| By: /s/ Andrew B. Grossman<br>Andrew B. Grossman<br>Christopher T. Casamassima<br>Katie Moran | By: /s/ Jan Kaufman<br>Janet Robertson Kauffman, Esq.<br><br>*Attorneys for Defendant*<br>AFFLICTION HOLDINGS LLC |
| *Attorneys for Plaintiff*<br>MULTIPRINT TEX MANUFACTURING LTD | |

**SO ORDERED:**

Dated: March 29, 2013

Hon. Arthur Nakazato

10

ActiveUS 107288489v.3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MULTIPRINT TEX MANUFACTURING LTD.**, a Canadian Limited Company<br><br>Plaintiff,<br><br>vs.<br><br>**AFFLICTION HOLDINGS, LLC**, a California Limited Liability Company<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. SACV12-2037-CJC(ANx)<br><br>**ATTACHMENT A TO JOINT STIPULATED CONFIDENTIALITY ORDER**<br><br>Judge: Hon. Cormac J. Carney |

I, _____ [print or type full name], hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential—Outside Counsel's Eyes Only" as defined in the Confidentiality Order entered in this litigation, is being provided to me pursuant to the terms and restrictions of the Confidentiality Order. I have been given a copy of and have read the Confidentiality Order. I am familiar with the terms of the Confidentiality Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Confidentiality Order.

I agree not to use any Confidential or Confidential—Outside Counsel's Eyes Only information disclosed to me pursuant to the Confidentiality Order, except for purposes of this litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Confidentiality Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

I understand that I am to retain all documents or materials designated as or containing Confidential or Confidential—Outside Counsel's Eyes Only information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion

ActiveUS 107288489v.3

of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential or Confidential—Outside Counsel's Eyes Only information are to be returned to counsel who provided me with such documents and materials.

DATED:_____

CITY, STATE WHERE SWORN AND SIGNED:_____

PRINTED NAME:_____

SIGNATURE:_____

ActiveUS 107288489v.3